IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**08 C 999**

| | | |
|---|---|---|
| MARIA FLAGG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. |
| | ) | |
| ADVOCATE HEALTH AND | ) | JURY DEMANDED |
| HOSPITALS CORP. | ) | |
| | ) | |
| Defendant. | ) | |

**JUDGE LEINENWEBER**
**MAGISTRATE JUDGE COLE**

## COMPLAINT

This action is brought to redress pregnancy discrimination and retaliatory conduct by Defendant Advocate Health and Hospitals Corp (Advocate) against Plaintiff Maria Flagg stemming from her employment with defendant. Ms. Flagg also seeks to recover for injuries she suffered because Advocate discharged her in violation of public policy. Ms. Flagg brings this action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. [hereinafter "Title VII"] and the common law of the State of Illinois.

### JURISDICTION, VENUE AND PROCEDURAL PREREQUISITES TO SUIT

1. This Court has jurisdiction over this action against Advocate. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 2000e-5(f)(3). This court has supplemental jurisdiction over the state-law claims contained herein pursuant to 28 U.S.C. § 1367a.

1

2. Plaintiff has satisfied Title VII's procedural prerequisites to suit by filing a charge with the Equal Employment Opportunity Commission and by bringing this action within 90 days of receipt from the EEOC of Notice of Right to Sue (attached hereto as Exhibit A).

3. Venue is proper in this district pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(b) because all or a substantial part of the events giving rise to the claims in this action took place in the Northern District of Illinois.

## JURY DEMAND

4. Plaintiff demands a trial by jury on each and every claim to which she is so entitled.

## PARTIES

5. At all times relevant to this action, plaintiff Maria Flagg was an employee of defendant Advocate and a resident of the Northern District of Illinois.

6. Defendant Advocate is an Illinois corporation which conducts business in the Northern District of Illinois. At all times relevant to this Complaint, Advocate has had more than 15 employees and has been an employer within the meaning of 42 U.S.C. § 2000e.

## FACTS

7. Ms. Flagg began employment with Advocate as a laboratory phlebotomist at Advocate Trinity Hospital on the southeast side of Chicago in 2003.

8. On January 2, 2007 Ms. Flagg observed that an Advocate employee named Isaac Banks was making menacing gestures toward another employee named Sandra Alvarez. Isaac was standing right next to Sandra, putting his hands near her face, and speaking to her in a loud and angry voice.

9. Ms. Flagg told Isaac that he was in Sandra's personal space and that what he was doing was not right. Isaac said to Sandra that he knew she was afraid of him.

10. Ms. Flagg repeated her statement to Isaac that he was in Sandra's personal space, at which point Isaac walked up to Ms. Flagg and said "but there's something already in the way" while pointing to her stomach.

11. Ms. Flagg was 5 months pregnant at the time. Ms. Flagg was also aware that Isaac had engaged in intimidating behavior toward other female employees.

12. Ms. Flagg told Isaac that she objected to his conduct and he responded by poking her chest with his fingers, saying "now I'm in your space, now what."

13. Ms. Flagg was very frightened and began crying. She backed away from Isaac and left the area.

14. Later that morning, Ms. Flagg reported Isaac's conduct to her supervisor, Carol Alexander. Ms. Flagg complained to Ms. Alexander about the fact that Isaac had physically assaulted her, frightened and intimidated her, and made reference to her pregnancy in a hostile and demeaning way.

15. Besides her oral complaint, Ms. Flagg gave Ms. Alexander a written complaint about Isaac that same day.

16. On January 3, 2007, Ms. Flagg was interviewed by several Advocate managers and reiterated to them her complaint about Isaac's assault and sexual harassment.

17. On January 5, 2007, Advocate terminated Ms. Flagg's employment for the stated reason that she had a "verbal altercation with another co-worker."

**Count I**

## (Title VII: Retaliation)

18. By defending herself and Sandra Alvarez against Isaac's physical assault and sexual harassment, as well as complaining about Isaac's conduct to her superiors, Ms. Flagg engaged in conduct protected under Title VII.

19. Advocate terminated the employment of Ms. Flagg in retaliation for her protected conduct.

20. As a result of the retaliatory termination to which Ms. Flagg was subjected, she suffered humiliation, embarrassment, and severe emotional distress, as well as loss of employment.

21. Advocate acted with malice or with reckless disregard for Ms. Flagg's federally protected rights.

**WHEREFORE,** plaintiff Maria Flagg prays that this Court enter judgment in her favor and against defendant Advocate and:

A. Award Ms. Flagg lost wages and lost benefits of employment;

B. Order that she be reinstated, or, if reinstatement is not feasible, award her future lost wages;

C. Award her compensatory damages for the damages she suffered from defendant's discriminatory conduct;

D. Award her punitive damages;

E. Award her pre-judgment interest;

F. Award her the costs of litigation, including any expert witness costs; and

G. Grant such other relief as may be proper.

## **Count II**

### (Title VII: Pregnancy Discrimination)

22. Ms. Flagg was five months pregnant at the time she was discharged by Advocate.

23. The assault and harassment which precipitated her discharge was based in part upon her status as a pregnant woman.

24. Ms. Flagg was treated differently than non-pregnant employees by Advocate.

25. As a result of the discriminatory termination to which Ms. Flagg was subjected, she suffered humiliation, embarrassment, and severe emotional distress, as well as loss of employment.

26. Advocate acted with malice or with reckless disregard for Ms. Flagg's federally protected rights.

**WHEREFORE,** plaintiff Maria Flagg prays that this Court enter judgment in her favor and against defendant Advocate and:

A. Award Ms. Flagg lost wages and lost benefits of employment;

B. Order that she be reinstated, or, if reinstatement is not feasible, award her future lost wages;

C. Award her compensatory damages for the damages she suffered from defendant's discriminatory conduct;

D. Award her punitive damages;

E. Award her pre-judgment interest;

F. Award her the costs of litigation, including any expert witness costs; and

G. Grant such other relief as may be proper.

### Count III

### (Retaliatory Discharge – state law)

27. The State of Illinois has a public policy against discharging an employee for reporting physical assault and threatening behavior in the workplace.

28. This public policy is found, *inter alia*, in the Illinois Constitution (Preamble; art. I, §§ 3,9), the Health Care Workplace Violence Prevention Act (405 ILCS 90/1 *et. seq.*), the Victims' Economic Security and Safety Act (820 ILCS 180/1 *et. seq.*), the Illinois Criminal Code (720 ILCS 5/12-1, 12-3), and in judicial decisions.

29. By discharging Ms. Flagg because she reported violent and criminal behavior in the workplace against both herself and a co-worker, Advocate violated Illinois public policy.

**WHEREFORE,** plaintiff Maria Flagg prays that this Court enter judgment in her favor and against defendant and:

A. Award Ms. Flagg lost wages and lost benefits of employment;

B. Order that she be reinstated, or, if reinstatement is not feasible, award her future lost wages;

C. Award her compensatory damages for the damages she suffered from defendant's discriminatory conduct;

D. Award her punitive damages;

E. Award her pre-judgment interest;

F. Award her the costs of litigation, including any expert witness costs; and

G. Grant such other relief as may be proper.

s/ Timothy Huizenga
One of Plaintiff's Attorneys

TIMOTHY HUIZENGA
LEGAL ASSISTANCE FOUNDATION
OF METROPOLITAN CHICAGO

111 W. JACKSON, 3RD FLOOR
CHICAGO, ILLINOIS 60604
(312) 347-8377

ASTRID MONTELEAGRE
LEGAL ASSISTANCE FOUNDATION
 OF METROPOLITAN CHICAGO
900 EAST 162nd STREET, SUITE 101
SOUTH HOLLAND, ILLINOIS 60473
(708) 271-4963